IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES COOPER, M-41894, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18−cv−2074−NJR |
| JOHN BALDWIN, KAREN JAIMET, and CHRISTINE BROWN, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Charles Cooper, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims Defendants (John Baldwin, IDOC Director; Christine Brown, Americans with Disabilities Act ("ADA") Coordinator; and Karen Jaimet, Previous Warden of Pinckneyville) have violated his rights under the ADA and the Eighth Amendment. Plaintiff seeks monetary damages and injunctive relief (presumably at the close of the case).

The Complaint (Doc. 1) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* complaint are to be liberally

construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff has been incarcerated at Pinckneyville since November 10, 2014. (Doc. 1, p. 7). At some point during his incarceration,[1] Plaintiff began using a wheelchair to ambulate. (Doc. 1, p. 8). Plaintiff also uses catheters and diapers to dispose of bodily waste. (Doc. 1, p. 6).

According to the Complaint, Defendants Jaimet and Brown were aware of Plaintiff's wheelchair usage and of his disability related needs. *Id.* Nonetheless, Jaimet and Brown allegedly failed to accommodate Plaintiff's needs by housing him in a cell that is not equipped for disabled inmates, failing to provide him with access to wheelchair accessible shower facilities and recreational activities, failing to provide a sanitary means for disposing of soiled diapers, and forcing him to reuse single-use catheters. (Doc. 1, pp. 6-11, 15-16). As a result, Plaintiff claims that he has suffered from "infections." (Doc. 1, p. 10).

Plaintiff also alleges that Dr. Meyer (not a defendant in this action) stopped prescribing a medication that was effectively treating his heart condition because it was too expensive. (Doc. 1, pp. 6,9). Instead, Dr. Meyer began prescribing a less expensive medication that is not effective. *Id.* As a result, Plaintiff has experienced "severe" complications. (Doc. 1, pp. 9-10). Plaintiff claims that Brown knows he is not receiving appropriate treatment for his heart condition but has failed to remedy the inadequate medical care. (Doc. 1, pp. 10-12).

---

[1] The Complaint suggests that Plaintiff has not always used a wheelchair to ambulate, but it does not specify when he began using a wheelchair or what condition necessitated use of a wheelchair. (Doc. 1, p. 8). Exhibits attached to the Complaint reveal, however, that in July 2016, Plaintiff wrote a letter to the Governor of Illinois requesting a wheelchair to accommodate his heart condition and complications from Chronic Obstructive Pulmonary Disease ("COPD"). (Doc. 1, pp. 29-30). Accordingly, it appears that Plaintiff did not begin using a wheelchair until sometime after July 2016.

## Preliminary Dismissals

Although the body of the Complaint attributes allegedly unconstitutional conduct to Dr. Meyer, he or she is not identified as a defendant in the case caption or list of defendants. Accordingly, any claims intended against this individual are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). Further, the Complaint is devoid of allegations suggesting that John Baldwin, the Director of IDOC, was personally responsible for violating Plaintiff's constitutional rights; it includes only generic allegations pertaining to his responsibilities as the Director of IDOC. (Doc. 1, p. 11). Accordingly, any individual capacity claims Plaintiff intended to bring against Baldwin are dismissed without prejudice. *See Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Baldwin is an appropriate official capacity defendant, however, with respect to Count 1.[2] Baldwin is also an appropriate official capacity defendant with respect to Plaintiff's request for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, he shall remain on the docket as an official capacity defendant.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any claims not

---

[2] As a general rule, there is no personal liability under Title II of the Americans with Disabilities Act or the Rehabilitation Act. *Stanek v. St. Charles Cmty. Unit Sch. Dist.* No. 303, 783 F.3d 634, 644 (7th Cir. 2015). The only proper defendant in a claim under these statutes is the state agency (or a state official acting in his or her official capacity); employees of the IDOC are not amendable to suit under either Act. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).

addressed in this Order should be considered dismissed without prejudice from this action.

> **Count 1:** ADA and/or Rehabilitation Act ("RA") claim against Baldwin (official capacity) for failing to meet Plaintiff's disability-related needs, including failing to provide wheelchair accessible accommodations (housing, showers, and recreation), failing to provide a sanitary means for disposing of soiled diapers, and forcing Plaintiff to reuse single-use catheters.
>
> **Count 2:** Eighth Amendment claim against Brown and Jaimet for exhibiting deliberate indifference to Plaintiff's disability-related needs by failing to provide wheelchair accessible accommodations (housing, showers, and recreation), failing to provide a sanitary means for disposing of soiled diapers, and forcing Plaintiff to reuse single-use catheters.
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Brown for failing to act despite knowing that Plaintiff was not receiving adequate medical care for his heart condition.

**Count 1**

According to the ADA, "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The RA likewise prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The RA includes as an additional requirement the receipt of federal funds, however, which all states accept for their prisons. *Cutter v. Wilkinson*, 544 U.S. 709, 716 n. 4 (2005). Discrimination under both includes the failure to accommodate a disability. *Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012) (citation omitted).

Plaintiff has alleged that he is a qualified person with a disability due to his physical impairment under both the ADA and RA. Further, he has alleged that Baldwin (in his official capacity) failed to make reasonable accommodations by housing him in cells that were not designed to accommodate his wheelchair, denying him access to wheelchair accessible showers

and recreation, failing to provide a sanitary means for disposing of soiled diapers, and/or forcing Plaintiff to reuse single-use catheters. These allegations are sufficient to articulate a colorable ADA and/or RA claim, at least at this early stage. Accordingly, Count 1 shall proceed against Baldwin in his official capacity. *See Jaros v. Illinois Dep't of Corr.,* 684 F.3d 667, 670 n. 2 (7th Cir. 2012); *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012).

**Count 2**

According to the Complaint, Brown and Jaimet are responsible for implementing policies pertaining to accommodations for disabled prisoners. (Doc. 1, p. 7). Plaintiff claims Jaimet implemented a policy allowing officials to place disabled inmates in cells that do not have appropriate accommodations. *Id.* He also claims that Jaimet and Brown have failed to implement policies that would ensure disabled inmates have appropriate accommodations. *Id.* Finally, he alleges that Jaimet and Brown directed him to reuse single-use catheters and have refused to provide him with an adequate supply of sterile catheters. (Doc. 1, pp. 6, 8-10, 15-16). As a result, Plaintiff claims he has suffered from infections and has been subjected to unsanitary and unsafe living conditions. (Doc. 1, pp. 6-10). These allegations support an Eighth Amendment deliberate indifference claim against Brown and Jaimet *See Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015); *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012); *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994) (personal involvement can take the form of formulating and directing an unconstitutional policy).

**Count 3**

Count 3 shall proceed against Brown on the ground that she allegedly knew Plaintiff was receiving inadequate medical care but failed to exercise her authority to intervene on his behalf. *See Perez*, 792 F.3d at 782.

## Disposition

**IT IS HEREBY ORDERED** that any intended claims directed against **BALDWIN** in his personal capacity are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 1** will proceed as to **BALDWIN** (official capacity only).

**IT IS FURTHER ORDERED** that **COUNT 2** will proceed as to **BROWN** and **JAIMET.**

**IT IS FURTHER ORDERED** that **COUNT 3** will proceed as to **BROWN**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **BROWN, JAIMET,** and **BALDWIN** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: January 4, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**