# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES COOPER, #M41894, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CV-02074-NJR |
| | ) | |
| DIRECTOR JOHN BALDWIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Charles Cooper ("Cooper"), an inmate of the Illinois Department of Corrections, filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). He asserts claims under the Americans with Disabilities Act (ADA) and the Eighth Amendment.

This matter is now before the Court on a motion for summary judgment on the issue of exhaustion of administrative remedies filed by Defendants. For the reasons set forth below, the motion is granted.

## Background

Cooper uses a wheelchair to ambulate and catheters and diapers to dispose of bodily waste. (Doc. 1, pp. 6, 8). According to the Complaint, Defendants Jaimet and Brown failed to accommodate Cooper's needs by housing him in a cell that is not equipped for disabled inmates, failing to provide him with access to wheelchair

1

accessible shower facilities and recreational activities, failing to provide a sanitary means for disposing of soiled diapers, and forcing him to reuse single-use catheters. (Doc. 1, pp. 6-11, 15-16). Additionally, Dr. Meyer (not a defendant in this action) stopped prescribing a medication that was effectively treating his heart condition because it was too expensive. (Doc. 1, pp. 6,9). Cooper claims that Brown knew he was not receiving appropriate treatment for his heart condition but failed to remedy the inadequate medical care. (Doc. 1, pp. 10-12). Cooper filed his complaint on November 13, 2018 (Doc. 1).

Following review pursuant to 28 U.S.C. § 1915A, the following claims proceeded: (1) an ADA and/or Rehabilitation Act claim against Baldwin (official capacity) for failing to meet Cooper's disability-related needs; (2) an Eighth Amendment claim against Brown and Jaimet for exhibiting deliberate indifference to Cooper's disability-related needs; and (3) an Eighth Amendment deliberate indifference claim against Brown for failing to act despite knowing that Cooper was not receiving adequate medical care for his heart condition.

### Defendants' Motion for Summary Judgment

Defendants filed the pending motion for summary judgment arguing that Cooper failed to exhaust his administrative remedies on the claims against them prior to filing suit. (Docs. 26 and 27). Cooper failed to file a response to the motion. The Court considers Cooper's failure to respond an admission of the facts set forth in Defendants' motion. SDIL Local Rule 7.1(c) (failure to timely file a response to a motion may be considered an admission of the merits of the motion); FED. R. CIV. P. 56(e)(facts may be considered undisputed if a party fails to respond as required by Rule 56(c)); *Smith v. Lamz*, 321 F.3d

680, 683 (7th Cir. 2003)(failure to respond by the nonmovant as mandated by the local rules results in an admission); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (non-movant's failure to respond to a motion for summary judgment constitutes an admission that there are no disputed issues of material facts).

The following facts are undisputed: An inmate may grieve prison conditions with the Illinois Department of Corrections by following the grievance procedures set forth in 20 Ill. Admin. Code § 504.800 *et seq.* (Doc. 27, p. 2). Cooper had access to grievances and to the grievance process at Pinckneyville. (*Id.*). Cooper did grieve to his Counselor regarding re-useable catheters and medical issues on December 5, 13, 28, and 30, 2016, and January 30, 2017. (Doc. 27, p. 2, Doc. 27-3, pp. 2-3). Cooper did not, however, file grievances with the Grievance Officer or Warden of Pinckneyville on the claims in this case prior to filing his complaint in this case. (Doc. 27, p. 2; Doc. 27-1, pp. 1-3). Cooper also did not file any appeals or direct grievances to the Administrative Review Board. (Doc. 27, p. 2; Doc. 27-2, pp. 1-3).

## **Legal Standards**

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56. "Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); FED. R. CIV. P. 56(c).

Lawsuits filed by inmates are governed by the Prison Litigation Reform Act ("PLRA"), which provides, in pertinent part, that "no action shall be brought with respect

to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Cooper cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. In *Pavey v. Conley*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. 544 F.3d 739, 740-41(7th Cir. 2008).

As an inmate confined within the Illinois Department of Corrections, Cooper was required to follow the regulations contained in the Illinois Department of Corrections' Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. 20 Ill. Administrative Code § 504.800 *et seq*. The grievance procedures first require inmates to file their grievance with the Counselor within 60 days of the discovery of an incident. 20 Ill. Admin. Code § 504.810(a). The grievance form must:

[C]ontain factual details regarding each aspect of the offender's complaint,

4

> including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 Ill. Admin. Code § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to the Grievance Officer. 20 Ill. Admin. Code § 504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. 20 Ill. Admin. Code § 504.830(a). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." 20 Ill. Admin. Code § 504.830(e). "The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing." *Id.*

If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision. " 20 Ill. Admin. Code § 504.850(a). The inmate shall attach copies of the Grievance Officer's report and the Chief Administrative Officer's decision to his appeal. *Id.* "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." 20 Ill. Admin. Code

5

§ 504.850(d). "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20 Ill. Admin. Code § 504.850(e).

The grievance procedures allow an inmate to file an emergency grievance. In order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. 20 Ill. Admin. Code § 504.840(a). If the CAO determines the grievance should be handled on an emergency basis, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him what action shall be taken. 20 Ill. Admin. Code § 504.840(b). If the CAO determines the grievances "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process. 20 Ill. Admin. Code § 504.840(c). When an inmate appeals a grievance deemed by the CAO to be an emergency, "the Administrative Review Board shall expedite processing of the grievance." 20 Ill. Admin. Code § 504.850(f).

## **Discussion**

Because Cooper did not file a response to the motion, the facts presented by the Defendants are uncontroverted. As there are no disputes of fact, the Court finds that an evidentiary hearing is not needed in this case.

Defendants have established that Cooper had access to the grievance process but did not file a grievance with the Grievance Officer regarding the claims alleged in the Complaint. Further, he did not file or appeal any grievance to the Warden related to those claims. Additionally, he did not file or appeal any grievance with the Administrative Review Board concerning the claims. The Court concludes, therefore, that Cooper did not exhaust his administrative remedies as to the claims against Defendants prior to filing suit. Accordingly, Defendants are entitled to summary judgment.

## Disposition

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**, and this action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** August 21, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**